J-S22043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| URSULA MCELROY | : | |
| | : | |
| Appellant | : | No. 2776 EDA 2017 |

Appeal from the Judgment of Sentence July 24, 2017
in the Court of Common Pleas of Delaware County
Criminal Division at No.:  CP-23-CR-0000122-2016

BEFORE:   BENDER, P.J.E., STABILE, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                                    **FILED JUNE 26, 2018**

Appellant, Ursula McElroy, appeals from the judgment of sentence imposed following her jury conviction of possession with intent to deliver a controlled substance (PWID) and possession of a controlled substance.[1]  We affirm.

We take the following relevant facts and procedural history of this case from our independent review of the certified record.  On December 1, 2015, at approximately 11:30 a.m., police officers from the Delaware County Narcotics Task Force executed a search warrant for a property in Clifton Heights.  Appellant's co-defendant and then-boyfriend Ryan McConnell resided at the property, and police had conducted controlled buys of cocaine from

_____

[1] 35 P.S. §§ 780-113(a)(30) and (16), respectively.

_____

*   Retired Senior Judge assigned to the Superior Court.

him.[2]  The search warrant authorized the officers to search for cocaine or any other controlled substances, along with any money, assets, records, cellular phones, weapons, or items related to the distribution of controlled substances.

Upon entry into the residence, police detained Mr. McConnell, and observed Appellant sleeping in the only bedroom.  Police recovered from this room a digital scale with white powder residue; brand new packaging with red lips stamped on it typically used for narcotics; a plastic spoon with white residue; and a small hammer used to break up and package rock cocaine.  Police also recovered from a dresser drawer six bags of rock cocaine with red lips stamped on them.  Next to Appellant on the floor was a purse containing eleven bags of white powder cocaine with the same red lips stamped on them, and Appellant's identification.  Police also observed items indicating that Appellant lived at the residence, including mail in her name, and female clothing and make-up.

On April 25, 2016, Appellant filed an omnibus pre-trial motion seeking suppression of the evidence found in her purse.  The trial court denied the motion following a hearing, and issued findings of fact and conclusions of law on August 29, 2016.  On May 31, 2017, a jury convicted Appellant of the

_____

[2] The search warrant lists Mr. McConnell as the owner, occupant or possessor of the property and does not mention Appellant, who was a guest.  (**See** N.T. Suppression, 6/07/16, at 12-14; **see also** Commonwealth's Exhibit 1, Search Warrant, 11/30/15, at unnumbered page 1; Trial Court Opinion, 9/22/17, at 2, 5).

above-mentioned offenses following a two-day trial. The trial court sentenced her to a term of not less than twelve nor more than twenty-four months' incarceration, followed by three years of probation on July 24, 2017. This timely appeal followed.[3]

Appellant raises the following issue for our review:

> Did the trial court err in denying Appellant's Motion To Suppress the personal items of Appellant, specifically the purse of Appellant, for which there was no probable cause, nor was there a lawful search warrant, nor was the Appellant identified in a search warrant as a resident of the premises or as a party to be searched, or for her personal belongings to be searched; and at the time of the search of Appellant's person and purse law enforcement had no probable cause or reasonable suspicion to believe that she had engaged in criminal behavior?

(Appellant's Brief, at 4) (italics omitted).

Appellant's issue challenges the trial court's denial of her motion to suppress. She argues that the search of her purse was unlawful, where law enforcement had no information that she resided at the property or that she had any connection to the sale of drugs, and she was not referenced at all in the search warrant. (*See id.* at 10-11, 13-14, 16, 18). She contends that her purse was not a part of the general content of the property, where police admitted that they assumed that it belonged to her. (*See id.* at 11, 16-17). This issue does not merit relief.

Our standard of review is as follows:

_____

[3] Appellant timely filed a court-ordered concise statement of errors complained of on appeal on September 13, 2017. The trial court entered an opinion on September 22, 2017. *See* Pa.R.A.P. 1925.

[An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous. Where . . . the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to [ ] plenary review.

**Commonwealth v. Tyrrell**, 177 A.3d 947, 950 (Pa. Super. 2018) (citation

omitted).

"In appeals from suppression orders, our scope of review is limited to

the evidence presented at the suppression hearing." **Commonwealth v.**

**Caple**, 121 A.3d 511, 517 (Pa. Super. 2015), *appeal denied*, 179 A.3d 7 (Pa.

2018) (citation omitted).

The United States Supreme Court has advised that a valid search warrant authorizes the search of any container found on the premises that might contain the object of the search. **United States v. Ross**, 456 U.S. 798, 820, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).

[W]here a search warrant adequately describes the place to be searched and the items to be seized the scope of the search extends to the entire area in which the object of the search may be found and properly includes the opening and inspection of containers and other receptacles where the object may be secreted.

*Commonwealth v. Petty*, 157 A.3d 953, 957 (Pa. Super. 2017), *appeal denied*, 169 A.3d 1070 (Pa. 2017) (quotation marks and some citations omitted).

In *Petty*, this Court considered whether police were authorized to search, during the execution of a search warrant targeting another individual, the defendant's pants. *See id.* at 954-55. The pants were laying on the floor next to where the defendant was in bed, and police had no prior contact with him. *See id.* at 954-56. This Court expressly rejected the defendant's assertion that his pants were not a part of the general content of the premises because police knew they belonged to him. *See id.* at 957. It held that because he did not physically possess the pants when police found them, the officers were authorized to search them. *See id.* The Court reasoned:

> Clearly, the police are not prohibited from searching a visitor's personal property (not on the person) located on premises in which a search warrant is being executed when that property is part of the general content of the premises and is a plausible repository for the object of the search. Otherwise, it would be impossible for police to effectively search a premises where visitors are present because they would not know which items, clothing and containers could be searched and which could not be searched.

[*Commonwealth v.*] *Reese*, 549 A.2d [909, 911 (Pa. 1988)].

\* \* \*

Because [Petty] did not physically possess his pants when police officers found them, police were authorized to search them. *See Commonwealth v. Bleigh*, 402 Pa.Super. 169, 586 A.2d 450 (1991) (police had authority to search purse and briefcase found in premises to be searched)[.]

- 5 -

The **Reese** Court was clear that **there is "a constitutional difference between the search of a visitor's person and the search of a visitor's personal property (property which is not on the person) located on premises where a search warrant is being executed**. . . ." **Reese**, 549 A.2d at 910. In upholding the search of the jacket on the kitchen chair, the **Reese** Court explained, "The jacket was not being worn by Reese and therefore, cannot be characterized as an extension of his person so as to propel its search into a search of Reese's person." **Id.** at 911–912. We reject [Petty's] assertion that his jeans were not part of the content of the premises because police knew they belonged to [him]. Such reasoning negates the underpinning of the **Reese** decision. In **Reese**, our Supreme Court, in **rejecting a requirement that police distinguish between which articles of clothing and personal property belong to a resident and which belong to a visitor before beginning a search**, stated:

> [V]isitors to the premises could frustrate the efforts of police by placing contraband among their unworn personal effects or by announcing ownership of various articles of clothing and containers in order to place those items beyond the scope of the warrant. We cannot sanction any rule that through fraud and gamesmanship erects barriers to the effective and legitimate execution of search warrants.

**Reese**, 549 A.2d at 911.

Various state courts have grappled with the question of the proper test to employ in the instant situation, and myriad jurisdictions agree with this Commonwealth's application of the possession test implemented in **Reese** because of the test's simplicity, precision, and the guidance it offers to police and courts. **See**, **e.g.**, **State v. Gilstrap**, 235 Ariz. 296, 332 P.3d 43 (2014) (search of visitor's purse not in her possession was proper); **State v. Leiper**, 145 N.H. 233, 761 A.2d 458 (2000) (warrant authorizing search of premises included authority to search visitor's knapsack where knapsack was not in visitor's possession); **State v. Jackson**, 873 P.2d 1166 (Utah Ct. App. 1994) (search of visitor's purse that was not in visitor's possession was proper)[.] As noted by the **Gilstrap** Court:

> The possession test provides a bright-line rule that is clearly and easily applied. Adding a "constructive" element to the possession test would thwart this goal by requiring law enforcement officers to guess whether items in proximity to a person not identified in the warrant would soon be used by that person.

***Gilstrap***, 332 P.3d at 46.

***Id.*** at 956-58 (original emphasis, record citations, and some case citations omitted; emphases added).

Here, police executed the search warrant authorizing them to search for cocaine and related items at the subject residence, and searched Appellant's purse, which was laying on the floor, recovering eleven bags of cocaine from it. (***See*** N.T. Suppression, at 6-9). Police Officer Kevin Wiley testified that, when executing search warrants at homes, he always searches the purses he finds because people commonly "keep drugs, contraband, guns [and] knives" in them. (***Id.*** at 10). Although the search warrant did not mention Appellant, under binding precedent, police were not required to "distinguish between which articles of clothing and personal property belong to a resident and which belong to a visitor before beginning a search[.]" ***Petty***, ***supra*** at 957-58 (citation omitted). Thus, "[b]ecause [Appellant] did not physically possess [her purse] when police officers found [it], police were authorized to search [it]." ***Id.*** at 957 (citations omitted). Therefore, we conclude that the trial court properly denied Appellant's motion to suppress. Accordingly, Appellant's sole issue on appeal lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/26/18